UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TIMOTHY C. WATSON, )
)
    Plaintiff, )
)
v. ) No.: 3:12-cv-225
) *Judge Phillips*
)
REUBEN HODGE, TONY HOWERTON, )
MIKE PARRISH, JASON WOODALL, )
CORPORAL CASHMOORE, and )
JOHN DOES #1-5, )
)
    Defendants. )

## **MEMORANDUM**

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss filed by defendants Howerton and Parrish, plaintiff's motion for additional time within which to respond to the dispositive motion, plaintiff's motion to amend the complaint, and plaintiff's motion for certification to the court of appeals. For the following reasons, plaintiff's motion for additional time [Court File No. 30] will be **DENIED**, plaintiff's motion to amend [Court File No. 31] will be **DENIED**, plaintiff's motion for certification [Court File No. 32] will be **DENIED**, and the motion to dismiss filed by defendants Howerton and Parrish [Court File No. 16] will be **GRANTED**. In addition, the matter will be **DISMISSED** as to the remaining defendants, and this action will be **DISMISSED IN ITS ENTIRETY**.

I.      Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989).  Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted).

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir.

1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

II.     Factual and Procedural Background

Plaintiff is in the custody of the Tennessee Department of Correction (TDOC) and currently incarcerated at the Hardeman County Correctional Facility. His complaint concerns alleged constitutional violations that occurred during his confinement in the Morgan County Correctional Complex (MCCX). The defendants are TDOC Assistant Commissioner of Operations Reuben Hodge, Deputy Commissioner of Operations Jason Woodall, MCCX Warden Tony Howerton, Assistant Warden Mike Parrish, Corporal Cashmoore, a John Doe Unit Manager, and four John Doe correctional officers.

Plaintiff alleges that at approximately 12:30 p.m. on December 7, 2011, he was viciously beaten into a coma by seven other inmates who had congregated outside of his cell prior to the attack. According to plaintiff, his cell was located directly in front of the control booth. Plaintiff alleges that he was not discovered until 3:30 p.m., despite the fact that the second shift came on at 2:00 p.m. He alleges that a John Doe correctional officer from the first shift failed in his duties to separate prisoners who are members of a violent gang and failed in his duty to perform the 30-minute security check walk-through; that a John Doe correctional officer from the second shift failed in his duty to perform the 30-minute security check walk-through; that the John Doe correctional officer monitoring the pod's cameras

failed in his duty; and that a John Doe correctional officer in the control booth failed to monitor the pod. Plaintiff also alleges that the remaining defendants failed in their duties to train and supervise the correctional officers.

In a second claim for relief, plaintiff complains of his reclassification and transfer to MCCX on December 6, 2011. In his third claim for relief, plaintiff alleges that on February 10, 2012, he was assaulted by defendant Corporal Cashmoore. In a fourth claim, plaintiff alleges that he has been denied medical care since March 9, 2012. Finally, in his fifth claim, plaintiff alleges a pattern of injustice and cruel and unusual punishment by the administration against him.

Plaintiff's complaint was filed May 8, 2012, and process was issued as to the named defendants on May 22, 2012; plaintiff was advised that process would not issue as to the John Doe defendants until plaintiff informed the court of their correct names and addresses. On June 20, 2012, the summons were returned executed as to defendants Howerton and Parrish, and unexecuted as to defendants Woodall, Cashmoore, and Hodge.

Defendants Howerton and Parrish filed their motion to dismiss on August 23, 2012. Plaintiff filed a motion for extension of time to respond to the motion to dismiss, which was granted and plaintiff was given until October 17, 2012, to file his response. Plaintiff filed another motion for extension of time and was given until November 5, 2012, to file his response. On November 5, 2012, he filed yet another motion for extension of time, which is pending.

In the meantime, plaintiff filed motions for default judgment as to defendants Hodge, Cashmoore, and Woodall. The motions were denied since those defendants had not been

served with process. Plaintiff then filed a motion for certification to the court of appeal with respect to the denial of the motions for default judgment, which is pending. Also pending is plaintiff's motion to amend his complaint to identify the John Doe Unit Manager as Craig Williams and to add as an additional defendant Cpl. Bruce, the grievance corporal at MCCX.

III. Discussion

*A. Plaintiff's Motion for Extension of Time*

Plaintiff was given several extensions of time within which to respond to the defendants' motion to dismiss, which has been pending for over six months. He has had ample time to file his response. Accordingly, plaintiff's pending motion for an additional extension of time will be denied.

*B. Plaintiff's Motion for Certification*

Plaintiff moves the court for a certification to the court of appeals from the order denying the motions for default judgment. The order denying the motions for default judgment is not an appealable order and the motion for certification will be denied.

*C. Plaintiff's Motion to Amend*

With respect to the motion to amend the complaint, plaintiff first seeks to amend the complaint to identify Craig Williams as the John Doe Unit Manager named in the original complaint. The claim is that defendant Williams failed to train and supervise the John Doe correctional officers. As determined by the court in discussing the motion to dismiss, *infra*, this claim fails to state a claim for relief under § 1983. As to the proposed addition of Cpl.

Bruce, the claim is that he failed to process plaintiff's grievances. Conclusory allegations, without more, fail to state a claim for which relief can be granted under 42 U.S.C. § 1983. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985). Under the circumstances, the motion to amend the complaint will be denied.

### D. The Motion to Dismiss

Defendants Howerton and Parrish move to dismiss the complaint for failure to state a claim for relief as to them. The basis of the claim against these defendants is that they failed to supervise and train the correctional officers in plaintiff's housing pod.

In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d at 421. "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Likewise, a supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'")

6

(quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Accordingly, plaintiff's complaint fails to state a claim against defendants Howerton and Parrish based upon their alleged failure to train and supervise the correctional officers.

As noted, plaintiff alleged four additional claims of constitutional violations in addition to the claim involving the assault upon him by other inmates. Plaintiff did not make any specific allegations against defendants Howerton or Parrish with respect to these additional claims. Based upon the foregoing, the motion to dismiss filed by defendants Howerton and Parrish will be granted.

*E. The Remaining Defendants*

Plaintiff's complaint was filed on May 8, 2012. The remaining defendants, including the John Doe defendants, have not been served with a copy of the complaint within 120 days of the filing date. Accordingly, this action should be dismissed without prejudice as to defendants Reuben Hodge, Jason Woodall, Cpl. Cashmoore, and John Does #1-5 pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. There being nothing further to be done in the case, this action will be **DISMISSED IN ITS ENTIRETY**.

IV. Conclusion

Plaintiff's motion for additional time will be **DENIED**, plaintiff's motion to amend will be **DENIED**, plaintiff's motion for certification will be **DENIED**, and the motion to dismiss filed by defendants Howerton and Parrish will be **GRANTED**. In addition, the matter will be **DISMISSED** as to the remaining defendants, and this action will be

7

**DISMISSED IN ITS ENTIRETY**.  The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                                                                        s/ Thomas W. Phillips
                                                                         United States District Judge